UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| ABBAS BEN AFSHARI, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 13-003-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JOHN SCHAFFER PERFORMANCE | ) | **MEMORANDUM OPINION** |
| ARCHERY PRODUCTS, INC., et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the motion to dismiss filed by Defendants John Schaffer Performance Archery Products, Inc. and John Schaffer. [Record No. 4] Also pending is Plaintiff Abbas Ben Afshari's motion for leave to amend his Complaint. [Record No. 12] For the reasons explained below, the Court will grant, in part, both the defendants' motion to dismiss and Afshari's requested relief.

**I.**

This matter arises from the alleged infringement of Afshari's patent for an archery device called the "Shaft Clamping Arrow Rest," for which Afshari was issued Patent No. 6,948,488 (the "'488 patent"). The '488 patent was issued on September 27, 2005. [Record No. 1 ¶¶ 7-8] As described by Afshari, this patented invention consists of:

> a fall away arrow rest with a built in arrow retainer that biases away as the bow releases the arrow, [which] makes the arrow rest incorporate 2 positions, one position to support the shaft of the arrow and another position to get out of the way of the arrow. The actuation process is possible with a linkage mechanism

-1-

coupling the arrow rest to cable of the bow, as the bow is pulled and released and the cable of the bow moves, the linkage mechanism actuates the operation of the archery accessory.

[*Id.* ¶ 7] Afshari alleges that, since 2009, the defendants have made, advertised, and sold a product called the Opposition Arrow Rest (the "Accused Product"), which infringes the '488 patent. [*Id.* ¶ 9]

Afshari filed this action on January 4, 2013. The defendants responded by moving to dismiss the Complaint on January 29, 2013. [Record Nos. 1, 4] On March 1, 2013, the Court granted a motion to withdraw filed by Afshari's counsel and gave Afshari additional time to respond to the motion to dismiss. [Record No. 10] Proceeding *pro se*, Afshari filed two copies of a document entitled "Response to Defendant[']s] Request to Di[]smiss and Move to Amend the Complain[t]." [Record Nos. 11, 12] This document contains what appears to be a proposed Amended Complaint, along with certain substantive arguments in opposition to the defendants' motion to dismiss. The Amended Complaint seeks to substitute SPA Designs, Ltd. for John Schaffer Performance Archery Products, Inc. and add allegations concerning a second device sold by the defendants — the Opposition Lite Arrow Rest. The defendants have filed a response to the motion to amend, as well as a reply memorandum in support of their motion to dismiss.[1] [Record Nos. 13, 14] On April 18, 2013, Afshari filed a document captioned "Response to Defendant[s'] Memorandum in Response," which the Court construes as a reply in support of his motion for leave to amend. [Record No. 15] This matter is now ripe for adjudication.

---

1     In their reply, the defendants request that the Court enjoin Afshari "from asserting that a same or similar accused device infringes one or more claims of the '488 patent." [Record No. 13, p. 3] The Court will deny this request as overly broad.

## II.

The defendants assert that Afshari's Complaint should be dismissed for lack of personal jurisdiction over John Schaffer Performance Archery Products, Inc. and John Schaffer. Additionally, they argue that even if the Complaint were amended to name the correct party — SPA Designs, Ltd. — it should be dismissed because Afshari's infringement claims fail as a matter of law and are because they are barred by the doctrine of equitable estoppel.

### A. Personal Jurisdiction

The Court may exercise personal jurisdiction over the defendants only if such jurisdiction is authorized by Kentucky law and otherwise consistent with the Due Process Clause of the Fourteenth Amendment. Kentucky's long-arm statute allows the Court to "exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's . . . [t]ransacting any business in this Commonwealth." KRS § 454.210(2)(a)(1). Personal jurisdiction may be either general or specific. General jurisdiction exists when a defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Specific personal jurisdiction exists when the "claim arises from or relates to conduct purposely directed at the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007).

It is well-established that a plaintiff bears the burden of demonstrating personal jurisdiction. *See, Inc. v. Imago Eyewear Pty., Ltd.*, 167 F. App'x 518, 520 (6th Cir. 2006) (citing *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002)). A plaintiff facing "'a properly supported motion for dismissal'" on personal-jurisdiction grounds "'may not stand

on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction.'" *Id.* at 521 (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)). The plaintiff can meet this burden by "establishing with reasonable particularity sufficient contacts between" the defendant and the forum state. *Neogen*, 282 F.3d at 887 (internal quotation marks omitted). When the Court "relies solely on written submissions and affidavits to resolve a Rule 12(b)(2) motion, . . . the plaintiff's burden is 'relatively slight.'" *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir. 1988)). Thus, to overcome a motion to dismiss, a plaintiff "must make only a *prima facie* showing that personal jurisdiction exists . . ." *Theunissen*, 935 F.2d at 1458.

As conceded in Afshari's Complaint, John Schaffer Performance Archery Products, Inc. is a dissolved corporation that has not conducted business since 2003. [*See* Record No. 1 ¶ 2.] The defendants assert that the Accused Product is manufactured and sold by SPA Designs Ltd., which markets products under the service mark "Schaffer Performance Archery." [Record No. 4-1, p. 2] As a result, they contend that SPA Designs Ltd. is the proper defendant to this action. Afshari does not dispute these assertions, and instead seeks to amend his Complaint to assert claims against "SPA Designs[] LTD. d/b/a Schaffer Performance Archery." [Record No. 12, p. 1] Therefore, based on the parties' written submissions, the Court lacks jurisdiction over John Schaffer Performance Archery Products, Inc.

Afshari has also failed to establish that John Schaffer is subject to personal jurisdiction. The Complaint alleges that "John Schaffer is personally liable for Schaffer Performance

Archery's infringement." [Record No. 1 ¶ 20] However, the defendants point out that Afshari "has failed to allege any facts in the Original Complaint or [the proposed Amended Complaint] that John Schaffer is personally liable for any of the alleged claims." [Record No. 14, p. 4] Afshari appears to acknowledge that John Schaffer is not a proper party to this action. Indeed, in his proposed Amended Complaint, he has deleted the allegation that Schaffer is "personally liable for the actions he purported to take on behalf of Schaffer Performance Archery." [Record No. 1 ¶ 3; *see* Record No. 14, p. 1 (proceeding from paragraph 2 to paragraph 4)] To the extent that Afshari asserts that personal jurisdiction against Schaffer is proper,[2] the Court concludes that he has failed to make a *prima facie* showing to support that assertion. Accordingly, the claims against Schaffer will be dismissed pursuant to Rule 12(b)(2).

### B. Failure to State a Claim

The defendants argue that even if Afshari had named the correct entity as a defendant to this action — as he attempts to do in his proposed Amended Complaint — the matter should still be dismissed for failure to state a claim upon which relief can be granted.[3] They contend that "the complete absence of several claim limitations of the asserted [patent] claims acts as an insurmountable bar to relief." [Record No. 4-1, p. 9] Additionally, the defendants maintain that Afshari's claims are barred by the doctrine of equitable estoppel.

---

2   Afshari has not removed Schaffer from the caption of the proposed Amended Complaint. However, this is the only indication in that document that he does not intend to withdraw his claims against Schaffer.

3   Because this argument bears on the futility of Afshari's proposed amendment, the Court will consider the defendant's motion to dismiss pursuant to Rule 12(b)(6) as it relates to both the Complaint and the proposed Amended Complaint.

### 1.     Standard for Motion to Dismiss

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  It requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Thus, although a complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

The Federal Circuit has held that a complaint alleging direct patent infringement is sufficient as long as it complies with Form 18 of the Federal Rules of Civil Procedure.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012).  Form 18 requires:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Id.* (internal quotation marks omitted); *see* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").

This Court likewise concludes that Afshari's Complaint can survive the defendants' motion to dismiss as long as it conforms with the requirements of Form 18 and contains sufficient factual allegations to show that the claims asserted against the defendants are plausible.[4]

### 2.     Infringement

Afshari's Complaint and proposed Amended Complaint meet the pleading requirements outlined in Form 18. [Record No. 1 ¶¶ 4-6, 8-9, 13, C-F; *see also* Record No. 12.] Despite this, the defendants assert that Afshari's claims must be dismissed because he has failed to allege "any specific facts that would entitle him to relief for claims of patent infringement." [Record No. 4-1, p. 10] However, both the Complaint and Amended Complaint contain: (1) a description of Afshari's patented invention and an explanation of the '488 patent; (2) an assertion that "all . . . of the elements of Claim 25 in [the '488 patent] are present in" the Accused Product; (3) an allegation that the Accused Product "performs exactly the same function as Plaintiff's patented invention"; and (4) an attached image of the Accused Product with labels identifying the allegedly infringing elements of that product. [*See* Record No. 1 ¶¶ 7, 9-11; Record No. 1-2.] Thus, Afshari has pleaded facts that create more than a "sheer possibility" that the Accused Product infringes his patent. *Iqbal*, 556 U.S. at 678.

---

4       The Federal Circuit has stated in dictum that "to the extent the parties argue that *Twombly* and its progeny conflict with the Forms and create differing pleadings requirements, the Forms control." 681 F.3d at 1334. However, the application of Rule 12(b)(6) is governed by the law of the Sixth Circuit. *C&F Packing Co. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000) (applying the law of district court's circuit to "purely procedural question" concerning Rule 12(b)(6)). Therefore, the Court must apply the plausibility standard from *Iqbal* and *Twombly*. *Dudenhoefer v. Fifth Third Bancorp.*, 692 F.3d 410, 416 (6th Cir. 2012); *see K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1287 (Fed. Cir. 2013) (Wallach, J., concurring) ("[P]lausibility is always required to survive a Rule 12(b)(6) motion.").

The defendants also contend that Afshari's infringement claims fail as a matter of law because the "Accused Product lacks one or more claim limitations" listed in the '488 patent. [Record No. 4-1, p. 13]  Specifically, they maintain that the following elements of the '488 patent are not present in the Accused Product: "(1) <u>fall away</u> arrow rest; (2) shaft retaining member <u>coupled</u> to the arrow rest; (3) a shaft retaining member extending above a shaft of an arrow <u>when</u> the arrow rest is in a first resting position; and/or (4) a shaft retaining member that is <u>biased away</u> from the arrow shaft."  [*Id.*, p. 3 (emphasis in original)]

This analysis, however, is premature because "claim construction is generally not appropriate on a motion to dismiss."  *Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 672 (D. Del. 2010); *id.* at 670 ("[M]any courts in this circuit and elsewhere have declined to construe patent claims on a motion to dismiss."); *see DR Sys., Inc. v. Avreo, Inc.*, No. 11-cv-0932, 2011 WL 4850171, at *2 (S.D. Cal. Oct. 12, 2011) ("Whether [the defendant's product] contains a particular claim element, however, is an issue of claim construction and infringement, which is not properly considered in a 12(b)(6) motion."); *Progressive Cas. Ins. Co. v. Safeco Ins. Co.*, No. 1:10 CV 1370, 2010 WL 4698576, at *4 (N.D. Ohio Nov. 12, 2010) ("The record that the Court may consider on a 12(b)(6) motion — the complaint and the attached patent — is insufficient for the Court to construe the patent claims contrary to plaintiff's allegations of infringement. . .").  Based on this authority, the Court declines to consider the defendants' claim construction arguments at this stage in the litigation.

The defendants attempt to sidestep the usual progression of a patent infringement case by relying on *SOP Services, Inc. v. Vital Hunting Gear, Inc.*, Civil Action No. 3:11-cv-00112-

RLY-WGH (S.D. Ind. 2011), an action currently pending against Afshari in the United States District Court for the Southern District of Indiana. In that case, the plaintiffs seek a declaratory judgment that their product does not infringe Afshari's '488 patent. The district court has recently issued a thorough and well-reasoned claim construction entry on several contested terms found in the claims of the '488 patent. *SOP Services, Inc. v. Vital Hunting Gear, Inc.*, Civil Action No. 3:11-cv-00112-RLY-WGH, 2013 WL 2445016 (S.D. Ind. June 5, 2013). Yet consideration of this opinion is only appropriate to the extent that the claim construction conducted in *SOP Services* would be determinative of the outcome in this matter.

Due to the "importance of uniformity in the treatment of a given patent," the doctrine of issue preclusion can be applied to the interpretation of a patent's claims. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 391 (1996); *In re Freeman*, 30 F.3d 1459, 1469 (Fed. Cir. 1994). *But see Nilssen v. Motorola, Inc.*, 80 F. Supp. 2d 921, 924 n.4 (N.D. Ill. 2000) (finding that, although district court is "respectful" of claim construction ruling in prior case, the court "is not compelled to reach the same conclusions"). The following four prerequisites must be met for issue preclusion to apply:

> (1) the precise issue must have been raised and actually litigated in the prior proceedings; (2) the determination of the issue must have been necessary to the outcome of the prior proceedings; (3) the prior proceedings must have *resulted in a final judgment on the merits*; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589-90 (6th Cir. 2009) (emphasis in original); *see also In re Trans Tex. Holdings Corp.*, 498 F.3d 1290, 1297 (Fed. Cir. 2007).

Although the first and fourth requirements appear to be satisfied here [*see* Record Nos. 4-12, 16-1], there has been no ruling of non-infringement as of this date. The claims in *SOP Services* have not yet been resolved, either by a trial on the merits or by the entry of summary judgment. Because the court may "modif[y] its position at trial," the Southern District of Indiana's claim construction opinion does not "fully and finally resolve[] the matters addressed." *Dana v. E.S. Originals, Inc.*, 342 F.3d 1320, 1324 (Fed. Cir. 2003). Additionally, the Court cannot determine whether the claim construction is "necessary to the outcome" in *SOP Services* before that court has reached a resolution on the merits. *Cobbins*, 566 F.3d at 589. Therefore, this Court is not yet bound by the Southern District of Indiana's claim construction.

The defendants's argument that the Accused Product does not infringe as a matter of law is an "attempt to surreptitiously have the court conduct claim construction as part of its analysis under Rule 12(b)(6), contrary to the purpose of the rule. The analysis required is not to resolve disputed facts, nor decide the merits; rather, the examination is limited to testing the sufficiency of the complaint." *Hand Held Prods., Inc. v. Amazon.com, Inc.*, No. 12-CV-00768-RGA-MPT, 2013 WL 507149, at *7 (D. Del. Feb. 6, 2013). Because Afshari's claims are plausible and the Complaint and Amended Complaint conform to Form 18, the Court concludes that Afshari has stated a claim upon which relief may be granted for patent infringement.

### 3. Equitable Estoppel

The defendants argue that Afshari is "barred under the doctrine of equitable estoppel from alleging that the Accused Product infringes his patent." [Record No. 4-1, p. 3] They contend that approximately three years before this action was filed, Afshari "publicly accused and

-10-

threatened Mr. Schaffer of" infringement. [*Id.*, p. 5] According to the defendants, they responded in writing "and requested an explanation to support Mr. Afshari's allegations," but he did not reply. [*Id.*, p. 3] The defendants have attached several letters to their motion to confirm this correspondence. [Record Nos. 4-5, 4-6, 4-7, 4-8, 4-9, 4-10, 4-11] The letters repeatedly inform Afshari that Schaffer would "rely on his silence as an indication that he no longer considered the Accused Product an infringement of the '488 patent." [Record No. 4-1, p. 3]

When deciding a motion under Rule 12, the Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). But as a general rule, the Court cannot consider documents such as the correspondence proffered by the defendants without converting the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 12(d).[5] Here, the letters attached to the motion to dismiss are not referred to in the original Complaint, nor are they central to Afshari's claims.

However, Afshari's proposed Amended Complaint contains several allegations regarding the communications between the parties. [Record No. 12, pp. 3-5 ¶¶ 13-21] In a patent case, "if Rule 12(b)(6) is used to assert an affirmative defense, dismissal is appropriate only if the well-pleaded factual allegations in the complaint, construed in the light most favorable to the

---

5   In a separate case filed by Afshari in this district, the Court declined to convert a motion to dismiss into a motion for summary judgment, reasoning that doing so would be inappropriate "[i]n light of Afshari's posture as a *pro se* plaintiff and the fact that no discovery has yet been allowed in th[e] case." *Afshari v. Bear Archery, Inc.*, No. 12-13-KSF, 2012 WL 3027649, at *2 (E.D. Ky. July 24, 2012).

plaintiff, suffice to establish the defense." *Ultramercial, Inc. v. Hulu, LLC*, No. 2010-1544, 2013 WL 3111303, at *2 (Fed. Cir. June 21, 2013) (noting that, at least in the context of an ineligibility defense, a Rule 12(b)(6) dismissal "will be the exception, not the rule"). Afshari seeks to amend his Complaint to allege that he received the letters from the defendants and did not respond, but instead asked his attorney to file suit. Additionally, he alleges that the defendants introduced the Opposition Lite Arrow Rest in December 2011, more than a year after the final letter was received. [Record No. 12, p. 4; Record No. 12-1]

To invoke the affirmative defense of equitable estoppel, a defendant must show that: (1) the "patentee's conduct must have supported an inference that the patentee did not intend to press an infringement claim against the alleged infringer"; (2) the alleged infringer "substantially relied on the misleading conduct of the patentee"; and (3) the alleged infringer "would be materially prejudiced if the patentee is now permitted to proceed." *A.C. Aukerman Co. v. R.L Chaides Constr. Co.*, 960 F.2d 1020, 1042-43 (Fed. Cir. 1992) (en banc). The patentee's "misleading conduct" does not have to be an affirmative action. Instead, *inaction* can form the basis for the defense of equitable estoppel. *Id.* Therefore, the most common instance of equitable estoppel arises when "the patentee specifically objects to the activities currently asserted as infringement in the suit and then does not follow up for years." *Id.* at 1042.

The allegations in Afshari's proposed Amended Complaint establish the first element of this defense. Afshari concedes that he received the correspondence and admits that he did not personally respond at any time before filing this action in January 2013. Although he asserts that the delay was not intentional, this argument is without merit. [Record No. 12, pp. 3-4 ¶¶ 13-15,

20] "[E]quitable estoppel focuses on what the defendant has been led to reasonably believe from the plaintiff's conduct" and not the reasonableness of that conduct. Therefore, Afshari's assertion that his failure to respond was the result of his attorney's error is irrelevant. *A.C. Aukerman*, 960 F.2d at 1034. Afshari's silence in response to the letters supported an inference on the part of the defendants that he did not intend to enforce his patent against them.

However, the Amended Complaint does not suffice to demonstrate the defendants' substantial reliance on his silence, nor does it establish that the defendants would be materially prejudiced if Afshari were permitted to proceed with his infringement claims at this time. The Federal Circuit has held that a defendant must establish the defense of equitable estoppel by a preponderance of the evidence. *Id.* at 1046. In this case, the allegations set out in the Amended Complaint do not, on their own, demonstrate the second and third elements of the equitable estoppel defense. And the defendants have "failed to present evidence regarding economic prejudice, *i.e.*, a change in the economic position of [the defendants] during the period of delay that would not have occurred had [Afshari] sued earlier." *Ecolab, Inc. v. Envirochem, Inc.*, 264 F.3d 1358, 1371 (Fed. Cir. 2001). In short, a finding that the equitable estoppel doctrine bars Afshari's infringement claims would be inappropriate at this stage in the proceedings.[6]

Moreover, Afshari argues that even he is barred from asserting that the Accused Product infringes his patent, the doctrine of equitable estoppel should not apply to his claims concerning

---

[6] Even when a defendant has established each element of equitable estoppel, the Court has a duty to "take into consideration any other evidence and facts respecting the equities of the parties in exercising its discretion and deciding whether to allow the defense of equitable estoppel to bar the suit." *A.C. Aukerman*, 960 F.2d at 1043. Here, Afshari — a plaintiff proceeding *pro se* — seeks to amend his Complaint to rebut the defendants' assertion of equitable estoppel. The Court will not construe those same allegations as an admission that his claims are estopped.

the Opposition Lite Arrow Rest. He contends that because there was no communication between the parties regarding that product, it should "not [be] subject to the same treatment as the [first] product." [Record No. 12, p. 5] He cites *Radio Systems Corp. v. Lalor*, 709 F.3d 1124 (Fed. Cir. 2013), in support of this argument. However, Afshari's reliance on *Lalor* is misplaced. That case held that equitable estoppel does not bar the enforcement of a *plaintiff's* later-filed patent. 709 F.3d at 1131. The holding in *Lalor* does not apply to a situation where, as here, the defendant seeks to invoke the doctrine of equitable estoppel to bar a claim for patent infringement concerning a product that did not exist when the plaintiff originally accused that defendant of infringement.

It is unclear whether Afshari's inaction concerning one of the defendants' products suffices to establish equitable estoppel with respect to a second product that was manufactured and sold at a later date. The defendants argue that if Afshari "is estopped from asserting patent claims are infringed by a product having certain features, then [he] should also be estopped from asserting patent claim against products of a different name having the same features." [Record No. 13, p. 7] Afshari, on the other hand, contends that the two products have "2 separate identities." [Record No. 15, p. 4] This is a factual dispute that cannot be resolved on a motion to dismiss. Further, the defendants cite no authority in support of their proposed application of the equitable estoppel doctrine and the Court has found nothing directly on point. In the absence of clear precedent that would compel the conclusion that equitable estoppel principles require the dismissal of Afshari's claims — even his proposed claims regarding the Opposition Lite Arrow Rest — the Court declines to dismiss this action without further factual development and

arguments from the parties. The defendants' motion to dismiss on the basis of equitable estoppel will be denied.

### III.

In response to the defendants' assertion that John Schaffer Performance Archery Products, Inc. did not continue to do business after it was administratively dissolved, Afshari has moved to amend his Complaint to "reflect the correct identity" of the entity allegedly infringing his patent. [Record No. 15, p. 3] Additionally, he seeks to add allegations concerning the Opposition Lite Arrow Rest. [*Id.*; Record No. 12, p. 3] The defendants oppose the motion to amend "because it is insufficient procedurally, reckless, and substantively discombobulated." [Record No. 14, p. 2]

Because Afshari's motion to amend was filed more than 21 days after the defendants moved to dismiss, leave of Court is required. Fed. R. Civ. P. 15(a). Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be granted "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant a motion for leave to amend lies within the sound discretion of the district court; however, the United States Supreme Court has instructed that Rule 15's permissive language "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This liberal policy of granting amendments is premised on the desirability of hearing the plaintiff's claims on the merits. *Moore v. City of Paducah,* 790 F.2d 557, 562 (6th Cir. 1986). Generally, a plaintiff's motion for leave to amend should be granted absent a justifiable reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182.

For the reasons explained above, the amendment would not be futile. Futility exists if "the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005). Because claim construction is not appropriate at the motion to dismiss stage, the Court will not dismiss Afshari's infringement claims as a matter of law. And the facts alleged in Afshari's proposed Amended Complaint, when "construed in the light most favorable to the plaintiff," do not suffice to establish the defense of equitable estoppel. *Ultramercial, Inc.*, 2013 WL 3111303, at *2. Therefore, the Amended Complaint is not subject to dismissal under Rule 12(b)(6).

The defendants also argue that Afshari's motion does not comply with the Joint Local Rules of Civil Procedure. They point out that Afshari's motion does not include a memorandum in support of his request for leave to amend. The Local Rules provide that the "[f]ailure to file a supporting memorandum *may* be grounds for denying the motion." L.R. 7.1(a) (emphasis supplied). However, the Court does not agree with the defendants' assertion that Afshari did not "indicate any relief sought by the motion." [Record No. 14, p. 2] It is apparent from the filing that Afshari seeks to amend his Complaint, and therefore he has "state[d] precisely the relief requested." L.R. 7.1(a). Because Afshari is proceeding *pro se*, the Court will not deny his motion to amend solely on the basis of his failure to comply with the Local Rules.

However, the Court notes that the proposed Amended Complaint is problematic. The document includes both numbered and unnumbered paragraphs, and it is unclear whether the

latter are intended to constitute allegations or whether they are meant only as a response to the defendants' motion to dismiss. Additionally, although Afshari has removed the paragraphs explaining John Schaffer's connection with the litigation, the caption still includes John Schaffer in his personal capacity. Because of these ambiguities, the defendants have requested leave to move for a more definite statement under Rule 12(e) in the event that the Court grants Afshari's requested relief. [Record No. 14, p. 5] Because of the additional expense that such a motion would entail, as well as the confusion caused by Afshari's motion, the defendants argue that allowing the requested amendment would result in undue prejudice. To alleviate this potential prejudice, the Court will direct Afshari to file a separate Amended Complaint that complies with the Court's Memorandum Opinion and Order, as well as the Federal Rules of Civil Procedure. The defendants will be required to answer the allegations contained in that pleading. Because Afshari has failed to demonstrate that John Schaffer is subject to personal jurisdiction in this case, the Amended Complaint must not include him as a defendant.

**IV.**

For the reasons discussed above, it is hereby

**ORDERED** as follows:

1. The defendants' Motion to Dismiss [Record No. 4] is **GRANTED**, in part. The claims against John Schaffer Performance Archery Products, Inc. and John Schaffer are **DISMISSED**, without prejudice, for lack of personal jurisdiction. In all other respects, the motion is **DENIED**.

2. The defendants' request that the Court enjoin Afshari from filing any additional patent infringement claims based on the '488 patent is **DENIED**.

3. Plaintiff Abbas Ben Afshari's motion to amend [Record No. 12] is **GRANTED**, in part. To the extent that Afshari seeks to assert claims against John Schaffer, the motion is **DENIED**.

4. Plaintiff Abbas Ben Afshari is given fourteen (14) days to file an Amended Complaint in compliance with this Memorandum Opinion and Order. Failure to comply may result in the matter being dismissed for failure to prosecute.

This 15th day of August, 2013.

Signed By:
*Danny C. Reeves* DCR
United States District Judge